**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4396**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

MATTHEW A. BUCHANAN,

     Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:13-cr-00501-TSE-1)

_____

Submitted:  November 25, 2014   Decided:  December 5, 2014

_____

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Todd M. Richman, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Ryan K. Dickey, Richard D. Cooke, Assistant United States Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew A. Buchanan appeals the eighteen-month sentence imposed by the district court after he pled guilty to knowingly, and with intent to defraud, accessing a protected computer without authorization, in violation of 18 U.S.C. § 1030(a)(4) (2012). On appeal, he challenges the calculation of his Sentencing Guidelines range, arguing that the district court improperly applied a two-level enhancement under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(17)(A) (2013). We affirm.

In reviewing the district court's application of the Sentencing Guidelines, we review its legal conclusions de novo and its factual findings for clear error. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). An enhancement under USSG § 2B1.1 is appropriate "[i]f . . . the defendant was convicted of an offense under 18 U.S.C. § 1030, and the offense involved an intent to obtain personal information." USSG § 2B1.1(6)(17(A). The Guidelines commentary defines personal information as "sensitive or private information involving an identifiable individual (including such information in the possession of a third party), including (A) medical records; (B) wills; (C) diaries; (D) private correspondence, including e-mail; (E) financial records; (F) photographs of a sensitive or

2

private nature; or (G) similar information." USSG § 2B1.1 cmt. n.1.

We conclude that the district court did not err in finding that the enhancement should apply. The record established that Buchanan used fraudulent password-reset requests, password-cracking software, and other methods to take control of other persons' YouTube Channels and the videos contained therein, some of which had been made accessible only to friends of the persons who had uploaded them. The district court thus properly found that a preponderance of the evidence showed Buchanan's offense involved an intent to obtain personal information within the meaning of § 2B1.1(b)(17)(A). See United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (providing standard)

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED